IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTINE RAMIREZ,

    Plaintiff,

v.

                                                     No. 1:21-cv-1080-DHU-SCY

SAN MIGUEL HOSPITAL CORPORATION
d/b/a ALTA VISTA REGIONAL HOSPITAL;
ALTA VISTA REGIONAL HOSPITAL;
QUORUM HEALTH RESOURCES, LLC;
ELIN RITCHIE, MD; PFIZER, INC; and
GREENSTONE, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION TO REMAND

This case is before the Court on Plaintiff's Motion to Remand, filed December 3, 2021. (Doc. 12). Defendant Greenstone, LLC filed a response in opposition (Doc. 21) and Plaintiff filed a reply (Doc. 24). Having considered the briefs, exhibits, relevant law, and being otherwise fully informed, the Court will **GRANT** Plaintiff's motion and remand this action to the Fourth Judicial District Court for the County of San Miguel, State of New Mexico pursuant to 28 U.S.C. § 1447(c).

### BACKGROUND

This is a personal injury case that arises out of Plaintiff's use of the prescription drug Azulfidine. On September 22, 2021, Plaintiff filed her Original Complaint for Personal Injury and Punitive Damages ("Complaint") in the Fourth Judicial District Court, County of San Miguel, State of New Mexico. (Doc. 1-2). Plaintiff named several defendants in the Complaint: Alta Vista

Regional Hospital ("AVRH"),[1] Quorum Health Resources, LLC ("QHR"), Elin Ritchie, M.D. ("Ritchie"), Pfizer, Inc. ("Pfizer"), and Greenstone, LLC ("Greenstone"). (Doc. 1-2 at 6-7). The Court notes that Plaintiff and Defendant Greenstone appear to agree that the only in-state Defendants named in the Complaint are Defendants AVRH and Ritchie. (Doc. 1 at 2-3; Doc. 12 at 10; Doc. 21 at 4, 7). Plaintiff brought no claims asserting federal causes of action, invoking federal law, or otherwise affirmatively invoking the jurisdiction of this Court.

On November 5, 2021, Defendant Greenstone filed its Notice of Removal, contending that this Court has federal diversity jurisdiction in this matter under 28 U.S.C. § 1332. (Doc. 1). Specifically, Defendant Greenstone avers that the citizenship of in-state Defendants AVHR and Ritchie may be "disregarded" by this Court because these Defendants were fraudulently joined in the state action and should be dismissed from this matter or, alternatively, that Defendants AVRH, QHR, and Ritchie were procedurally misjoined and the claims against these Defendants should be severed and remanded.[2] (Doc. 1 at 5). Defendant Greenstone argues this Court has diversity jurisdiction because once Defendants AVRH, QHR, and Ritchie are disregarded, the remaining Defendants are Greenstone, a citizen of Delaware and Pennsylvania, and Pfizer, a citizen of Delaware and New York, while Plaintiff is a citizen of New Mexico. (Doc. 1 at 3). Greenstone

---

[1] In her complaint, Plaintiff identified "San Miguel Hospital Corporation d/b/a Alta Vista Regional Hospital" as a defendant, in addition to "Alta Vista Regional Hospital." (Doc. 1-2 at 6). However, in the briefing before the Court, Plaintiff explains that she has learned these two organizations are the same entity, and she goes on to refer to both as "AVRH." (Doc. 12 at 1, n.1). Defendant Greenstone does not appear to dispute this characterization in its response. (Doc. 21). As such, the Court refers to the single entity of Alta Vista Regional Hospital ("AVRH") throughout this Memorandum Opinion and Order.

[2] In its Notice of Removal, Defendant Greenstone argued that Defendants AVRH, Ritchie, *and* QHR were fraudulently joined. (Doc. 1 at 2-3). However, in its Response in Opposition to Plaintiff's Motion to Remand (Doc. 21), Defendant Greenstone abandons the claim as it relates to QHR and asserts that only the in-state Defendants AVRH and Ritchie were fraudulently joined. (Doc. 21 at 3-4, 7).

also asserts the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. (Doc. 1 at 7-9).

On December 3, 2021, Plaintiff moved this Court to remand this action back to state court, arguing that the Court lacks diversity jurisdiction because all Defendants were properly joined and the presence of in-state Defendants AVRH and Ritchie destroys diversity in this case. (Doc. 12). In addition, Plaintiff contends that Greenstone's removal was procedurally deficient under 28 U.S.C. § 1446(b)(2)(A) as Defendants AVRH, Ritchie, and QHR did not join in or consent to removal. (Doc. 12 at 1-2). Plaintiff asserts that this action must be remanded to the state court in which it was filed, not only because of the lack of diversity jurisdiction, but also due to the allegedly defective removal. (Doc. 12 at 9). Plaintiff does not contest Defendant Greenstone's assertion that the amount in controversy exceeds $75,000.

In its December 17, 2021 Response in Opposition to Plaintiff's Motion to Remand, Defendant Greenstone maintains that in-state Defendants AVRH and Ritchie were fraudulently joined because Plaintiff has "no possibility of recovery" against these Defendants under the claims brought against them. (Doc. 21 at 3-4). Greenstone does not contest that the only Defendant who joined in or consented to its removal was Defendant Pfizer. (Doc. 1 at 9), but argues that Defendants AVRH, QHR, and Ritchie were misjoined, so, according to Greenstone, "their consent to removal is not required." (Doc. 1 at 9). On January 14, 2022, Plaintiff filed her Reply in Support of Plaintiff's Motion for Remand (Doc. 24) and a Notice of Completion of Briefing. (Doc. 25).

## DISCUSSION

The issues before the Court are whether complete diversity among the parties exists so as to give the Court diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) and whether Defendant Greenstone's removal of this action was procedurally defective, requiring

remand to state court. Greenstone argues diversity jurisdiction exists because the non-diverse Defendants in this action should be disregarded under the theories of fraudulent joinder and procedural misjoinder. Greenstone also maintains its position that it was not required to obtain the consent of all the defendants in this case because it had made the determination that the remaining defendants were misjoined in the state action.

I. **Legal Standards for Removal and Remand**

Federal courts are courts of limited jurisdiction. *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1225 (10th Cir. 2004). Federal jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in cases falling within the diversity jurisdiction statute, 28 U.S.C. § 1332. Federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties and (ii) that the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Complete diversity exists when no plaintiff is a citizen of the same state of any defendant in the matter. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

A defendant may remove a case to federal court in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. When a defendant removes a case to federal court based on diversity jurisdiction, the removing defendant must satisfy the procedural requirements set forth by statute, including that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Because federal courts are courts of limited jurisdiction, there is a presumption against removal. *See Fajen v. Found. Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir. 1982); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-1290 (10th Cir. 2001), *abrogated on other grounds*

4

*by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 85, 135 S.Ct. 547, 552 (2014). It is the removing defendant's burden to show that the diversity jurisdiction requirements are met. *See Montano v. Allstate Indemnity,* No. 99-2225, 2000 WL 525592 at \*\*1-2 (10th Cir. 2000) (unpublished). A defendant seeking removal based on diversity jurisdiction must show by a preponderance of the evidence that diversity jurisdiction exists. *Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013). When a federal court examines whether removal jurisdiction exists, "all doubts are to be resolved against removal." *Fajen*, 683 F.2d at 333. Indeed, "there is a presumption against our jurisdiction." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (citation and quotation marks omitted).

When a case lacks complete diversity, a defendant may nonetheless remove the case to federal court based on diversity jurisdiction if the defendant can show that a plaintiff fraudulently joined a non-diverse party. *Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991). Fraudulent joinder exists when the removing party demonstrates either: (i) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court or (ii) actual fraud in the plaintiff's pleading of jurisdictional facts. *Dutcher*, 733 F.3d at 988. "[U]pon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). To prove fraudulent joinder, the removing defendant

> must demonstrate that there is *no possibility* that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Montano,* 2000 WL 525592 at \*\*1-2 (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)) (emphasis added). In addition, "[a] claim which can be dismissed only after an intricate

5

analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851-853 (3d Cir. 1992) (quoted in *Montano*, 2000 WL 525592 at *2). Importantly, a "plaintiff need not ultimately succeed on a claim against a non-diverse defendant to defeat removal jurisdiction, but need only demonstrate the possibility of the right to relief." *Spataro v. Depuy Orthopaedics, Inc.*, No. CIV 08–0274 JCH/LAM, 2009 WL 382617, at *5 (D.N.M. 2009) (unpublished) (citations and quotation marks omitted). In sum, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

## II. Fraudulent Joinder

Defendant Greenstone first argues this Court has diversity jurisdiction because in-state Defendants AVRH and Ritchie are fraudulently joined and thus must be disregarded in the Court's assessment of whether diversity exists. Greenstone contends this is so because Plaintiff failed to exhaust the mandatory administrative procedures under New Mexico law with regard to her claims against these Defendants and therefore her action against them would not survive in state court. Specifically, Greenstone argues that Plaintiff has no possibility of recovery against Defendants AVRH and Ritchie because Plaintiff did not first present her claims against these Defendants to the New Mexico Medical Review Commission ("NMMRC") pursuant to the New Mexico Medical Malpractice Act ("NMMA"). *See generally* NMSA 1978, § 41-5-15(A) (1976) (stating "[n]o malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered").

Greenstone relies on *Rupp v. Hurley* to establish that application to the NMMRC is a "mandatory procedural threshold." *Rupp v. Hurley*, 2002-NMCA-023, ¶ 21, 131 N.M. 646, 651, 41 P.3d 914, 919 (N.M. Ct. App. 2001); (Doc. 1 at 3, Doc. 21 at 4). However, as Plaintiff highlights, *Rupp* emphasized that "a decision by the [NMMRC] is not a jurisdictional prerequisite to the filing of a complaint in court" and explained that the New Mexico "Supreme Court made clear that the [NM]MMA did not and could not control or affect the subject matter jurisdiction of the district courts and did not impinge on procedure in the courts." *Rupp*, 2002-NMCA-023, ¶ 16, 131 N.M. at 650, 41 P.3d at 918. This is so because the "provision that claimants against health care providers first submit their claims to the commission before filing suit is a purely procedural requirement and cannot, therefore, be deemed binding." *Id.* (citing *Otero v. Zouhar*, 1985-NMSC-021, ¶ 18, 102 N.M. 482, 486, 697 P.2d 482, 486 (N.M. 1985), *overruled on other grounds by Grantland v. Lea Regional Hosp., Inc.*, 1990-NMSC-076, 110 N.M. 378, 796 P.2d 599 (N.M. 1990)). The *Rupp* court specifically "reject[ed] Defendants' argument analogizing claims under the [NM]MMA to federal law requiring exhaustion of administrative remedies as a jurisdictional prerequisite to filing suit in court." *Rupp*, 2002-NMCA-023, ¶ 17, 131 N.M. at 650, 41 P.3d at 918. Though the Court acknowledges the NMMMA has certain procedural requirements, the Court is not convinced Greenstone has shown that failure to comply with the procedures bars all possibility of Plaintiff's recovery against Defendants AVRH and Ritchie.

Nevertheless, Greenstone contends that Plaintiff has no possibility of recovery against Defendants AVRH and Ritchie, and thus these parties were fraudulently joined, because, under the New Mexico appellate court decision in *Belser v. O'Cleirachain*, when a plaintiff fails to comply with the NMMMA, "dismissal is the proper remedy." (Doc. 1 at 3); *see Belser v. O'Cleireachain*, 2005-NMCA-073, 137 N.M. 623, 114 P.3d 303. However, the facts of *Belser* are

not similar to this case. In *Belser,* the plaintiff filed a medical malpractice complaint and a district court entered a stipulated order staying the proceedings until the NMMRC had completed its review of Plaintiff's claim. *Belser*, 2005-NMCA-073, ¶ 1, 137 N.M. at 623-624, 114 P.3d at 303-304. The defendant filed a motion to lift the stay and dismiss the complaint without prejudice only after plaintiff took *no action* to file her application with the NMMRC, despite inquiries from the defendant's attorney and the passage of nearly four months since the stay was granted. *See id.* ¶ 2, at 624, 114 P.3d at 304. The New Mexico Court of Appeals affirmed the district court's dismissal without prejudice "on the basis that Plaintiff did not file the application within a reasonable time." *Id.* ¶ 1, at 624, 114 P.3d at 304. No such inaction by Plaintiff has occurred in the present case.³ Resolving all factual and legal issues in favor of Plaintiff, the Court cannot conclude that *Belser* eliminates all possibility of Plaintiff's potential recovery against Defendants AVRH and Ritchie.

Greenstone's reliance on *Flagg v. Stryker Corp.*, 819 F.3d 132 (5th Cir. 2016), is also misplaced because that case does not require this Court to find that Defendants AVRH and Ritchie were fraudulently joined. (Doc. 21 at 4). In *Flagg*, the Fifth Circuit affirmed a district court's determination that a patient's failure to exhaust his claims against in-state defendants under Louisiana's medical malpractice act meant that the patient fraudulently joined those defendants, thus allowing the district court to exercise jurisdiction over the remaining diverse defendants. 819 F.3d at 134. The Fifth Circuit came to this conclusion because "there is no doubt that the state court would have been required to dismiss the [in-state defendants]" because the Louisiana Supreme Court has conclusively decided that a "plaintiff's suit must be dismissed" without

---

³ Although not considered by the Court in its decision to remand, it should be noted that Plaintiff submitted her medical malpractice claims against the in-state Defendants to the NMMRC on or about December 1, 2021. (Doc. 12-1 at 18).

prejudice if a plaintiff does not present his claims to the medical review panel and receive the panel's opinion on the complaint before the plaintiff files his complaint. *Id.* at 137-138. In contrast, New Mexico courts have not so ruled when addressing cases brought under the NMMMA. Instead, there are several examples before the Court where New Mexico courts stayed a plaintiff's case to allow the NMMRC process to unfold. *See, e.g., Belser*, 2005-NMCA-073 at ¶ 3, 137 N.M. at 624, 114 P.3d at 304 (state district court had authority to grant a stay of proceedings to allow plaintiff to proceed before the NMMRC); *Otero,* 1985-NMSC-021 at ¶ 19, 102 N.M. at 486, 697 P.2d at 486 ("By staying proceedings pending the commission's decision, the paramount intent of the statute … i.e., to prevent filing of non-meritorious malpractice lawsuits … was served in this case regardless of the premature filing of the complaint."); Doc. 12-1 at 15-16 (Order Denying in Part and Granting in Part Motion of Robbie Shoots, M.D., and Hylas Smiley, M.D. to Dismiss Plaintiff's Complaint Against These Defendants or, in the Alt. Stay the Litig. in its Entirety Pending the Rendition of a Written Decision by the N.M. Medical Review Comm'n, *Rockey v. Las Cruces Medical Center, LLC*, No. D-307-CV-2020-01253 (N.M. Third Jud. Dist. Ct. Oct. 26, 2020) (granting stay of proceedings pending NMMRC decision)). As a result, in contrast to Louisiana law where there is "no doubt" a state court would be required to dismiss the in-state defendants, New Mexico courts have treated the issue differently and have ordered remedies short of dismissal to allow a plaintiff to satisfy the NMMMA's administrative requirements.[4]

---

[4] Plaintiff also points out that the NMMMA does not apply to her claims against AVRH and QHR for negligent hiring, credentialing, training, and supervision because those are not medical malpractice claims and thus not subject to the NMMMA's pre-suit NMMRC review. The Court does not need to address that argument here because even if those claims were required to be submitted to the NMMRC, Defendant Greenstone has not shown that Plaintiff has no possibility of recovery against AVRH and QHR for all of the reasons stated above.

Considering the presumption against removal, the fact that Defendant Greenstone bears a heavy burden to prove fraudulent joinder, and the principle that all factual and legal issues must be resolved in favor of Plaintiff, the Court finds Defendant Greenstone has not met its burden to show Plaintiff fraudulently joined in-state Defendants AVRH and Ritchie. *See*, *e.g.*, *Dutcher*, 733 F.3d at 987-988.

### III.   Misjoinder

The next issue before the Court is whether Defendants AVRH, QHR, and Ritchie are procedurally misjoined. In an effort to establish diversity jurisdiction, Defendant Greenstone contends that Defendants AVRH, QHR, and Ritchie are procedurally misjoined because Plaintiff's allegations against these three Defendants and the pharmaceutical Defendants (Pfizer and Greenstone) are factually and legally distinct, thus allowing the Court to sever the claims against the Healthcare Defendants from the claims against Pfizer and Greenstone. Defendant Greenstone also avers that the in-state Defendants are procedurally misjoined because there is "no single cause of action brought jointly" against Defendants AVRH, QHR, and Ritchie and Defendants Greenstone and Pfizer. (Doc. 21 at 10). But whether or not there is a cause of action brought jointly against each party in a case is not the relevant inquiry. The question is whether joinder is proper under Rule 20 of the Federal Rules of Civil Procedure.

Rule 20 of the Federal Rules of Civil Procedure provides that multiple defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2). In jurisdictions that recognize the doctrine, procedural "misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse

10

or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action." E. Farish Percy, Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006); *see also Cline v. Blackmon Mooring of Oklahoma City, Inc.*, No. CIV–11–1136–HE, 2012 WL 255675, at *1 (W.D. Okla. Jan. 27, 2012) ("[P]rocedural misjoinder occurs when a state court plaintiff asserts claims against a diverse defendant and joins an *unrelated* claim against a non-diverse or forum-state defendant, thus precluding removal.") (emphasis in original)).

There are two problems with Defendant Greenstone's argument regarding procedural misjoinder. First, even if the Court were to apply the procedural misjoinder analysis to this case, Plaintiff's claims against all the Defendants arise in some fashion out of the same occurrence or series of occurrences and involve common questions of fact. The Court agrees with Plaintiff that the claims she has brought are not "totally unrelated"[5] and is not persuaded by Greenstone's bare assertion that Plaintiff has brought claims based on "two entirely distinct nuclei of facts." (Doc. 21 at 10). Plaintiff's claims against all of the Defendants in this matter arise out of her alleged

---

[5] Though the Court is not adopting the doctrine of procedural misjoinder, as explained below, it agrees that the issue is whether the claims are "totally unrelated."

> While the traditional fraudulent joinder doctrine inquires into the substantive factual or legal basis for the plaintiff's claim against the jurisdictional spoiler, the fraudulent misjoinder doctrine inquires into the procedural basis for the plaintiff's joinder of the spoiler. Most state joinder rules are modeled after the federal joinder rule that authorizes permissive joinder of parties when the claims brought by or against them arise "out of the same transaction, occurrence, or series of transactions or occurrences" and give rise to a common question of law or fact. Thus, in a case where the joined claims are totally unrelated, a federal district court may find removal jurisdiction pursuant to the fraudulent misjoinder doctrine even though the plaintiff has a reasonable substantive basis for the claim against the jurisdictional spoiler.

E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006) (footnotes omitted).

11

development of Stephen Johnson Syndrome and toxic epidermal necrolysis, and she cites to a number of common questions of fact that a jury will have to determine when it considers the claims against each of the Defendants.  (Doc. 12 at 8; Doc. 24 at 3-4).  Thus, the Court is unwilling to say that the claims in this case must be severed as Defendant Greenstone requests.

Second, and perhaps most problematic for Defendant Greenstone, is that the Tenth Circuit has not adopted the procedural misjoinder doctrine. *See Lafailier v. State Farm Fire & Cas. Co.*, 391 Fed.Appx. 732, 739 (10th Cir. 2010) (unpublished) ("There may be many good reasons to adopt procedural misjoinder, as the Insurers argue. But we need not decide that issue today…"); *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014) (declining to review existence of diversity jurisdiction because "consideration of this issue would require us to determine whether to recognize the doctrine of 'fraudulent misjoinder' … a rule that the defendants admit has not yet been adopted within this circuit") (citations omitted).   Greenstone nevertheless argues that this Court can and should apply the procedural misjoinder doctrine here because, in its view, the Court has already adopted it.  (Doc. 1 at 5) ("This Court has adopted the 'procedural misjoinder doctrine'").  But that declaration is not entirely correct to the extent it implies a wholesale adoption of the procedural misjoinder doctrine.  In an unpublished opinion involving a case where the plaintiff brought claims against both an in-state law firm for legal malpractice and a diverse insurance casualty company for, among other things, insurance bad faith, the Court adopted a narrow part of the procedural misjoinder analysis and expressly limited its application to cases where the allegedly procedurally misjoined nondiverse defendant is also a citizen of the state in which the plaintiff brought the state action. *See Flores-Duenas v. Briones*, No. CIV 13-0660

JB/CG, 2013 WL 6503537 at *24 (D.N.M. Dec. 1, 2013).[6]  That is not the case here as Greenstone claims that Defendant QHR is procedurally misjoined, yet there does not appear any dispute that QHR is a diverse defendant and not a citizen of New Mexico.

Because the removal statutes are to be strictly construed, and all doubts are to be resolved against removal, *Fajen*, 683 F.2d at 333, the Court declines to consider the application of the procedural misjoinder doctrine in this matter and under these circumstances.

## IV.     Procedurally Defective Removal

The rule of unanimity requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see also Harvey v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 797 F.3d 800, 805 (10th Cir. 2015).  If one defendant who was properly joined and served does not join in or consent to the removal, the removal is procedurally defective, and the Court must remand the case.  *See Harvey*, 797 F.3d at 805.

Plaintiff argues that Defendant Greenstone's removal was procedurally defective because Defendants AVRH, Ritchie, and QHR did not join in or consent to removal under 28 U.S.C. § 1446(b)(2)(A).  (Doc. 12 at 9-10) (citing *Harvey*, 797 F.3d at 805).  Defendant Greenstone argues the consent of Defendants AVRH, Ritchie, and QHR was not required because these Defendants were "fraudulently joined, misjoined, or both."[7]  (Doc. 21 at 14).

---

[6] In *Flores-Duenas*, the Court ultimately determined that the defendants in that case were not procedurally misjoined because, as is this case here, the claims against the defendants arose generally from the same transaction or occurrence and presented a number of common questions. 2013 WL 6503537 at *37-40.  As noted by the Court in that decision, "[p]arty joinder under rule 20(a) has only minimal requirements."  *Id.* at *37 (internal quotations and citation omitted).

[7] While Defendant Greenstone argues that Defendants AVRH and Ritchie were fraudulently joined, Defendant Greenstone argues that Defendants AVRH, Ritchie, *and* QHR were procedurally misjoined. (Doc. 21 at 14).

Having found that Defendant Greenstone's arguments regarding fraudulent joinder and misjoinder are not well-taken, the Court further finds that Defendant Greenstone's removal was procedurally defective for its failure to include the consent of Defendants AVRH, QHR, and Ritchie as required by 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

For the reasons stated above, the Court concludes that it lacks diversity jurisdiction in this case and that the removal by Defendant Greenstone was procedurally defective; therefore this matter will be remanded to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 12) is **GRANTED** for the reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Fourth Judicial District Court, San Miguel County, State of New Mexico. The Clerk of Court is accordingly directed to remand the instant action back to the Fourth Judicial District Court in San Miguel County under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED**.

DAVID HERRERA URIAS
United States District Judge